IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MACK HENRY LOTT, *et al.*, | : |
| Plaintiffs | : |
| VS. | : |
| DR. CHIQUITA FYE, *et al.*, | : NO. 5:14-CV-271 (MTT) |
| Defendants | : |
| | : **O R D E R** |

Plaintiff **MACK HENRY LOTT**, an inmate at Macon State Prison ("MSP"), filed a *pro se* civil rights complaint under 28 U.S.C. § 1983 on behalf of himself and ten other inmates on July 21, 2014. After conducting a preliminary review, the Court rejected Plaintiff's attempt to represent the interests of other prisoners. The Court also denied Plaintiff's request to proceed *in forma pauperis*, because Plaintiff, while incarcerated, had incurred three "strikes" pursuant to 28 U.S.C. § 1915(g), and did not allege that he presently was in imminent danger of serious physical injury. The Complaint was thus dismissed without prejudice on August 1, 2014.

Plaintiff has now filed the following: (1) an Affidavit from a fellow inmate (Doc. 9); (2) a "Motion Appointment of Counsel Assistance" (Doc. 10); (3) a "Motion for Class Certification" (Doc. 11); (4) a notice of "Imminent Danger" (Doc. 12); (5) a "Motion for Recon[si]deration" (Doc. 13); and (6) Exhibits addressing exhaustion of administrative remedies (Doc. 14).

As in his original complaint, Plaintiff in his motion for reconsideration complains about the medical care he is receiving at MSP. Specifically, Plaintiff alleges that two nurse practitioners prescribed Ultram for Plaintiff's back pain, but Defendant Dr. Chiquita Fye discontinued the drug. Plaintiff states that he has suffered pain as a result of not receiving the Ultram. He also states that he "may need hip replacement due to its [sic] 15 year[s] since the operation and the life of a hip replacement is [15 years]."

Plaintiff provides no basis for this Court to reconsider its dismissal of this case. He continues to disagree with the medical care he is receiving from Dr. Fye. As noted in the Court's prior Order, however, such disagreement with treatment actually received does not support a valid Eighth Amendment claim. Similarly, Plaintiff's allegation that he is suffering back pain does not support his being in imminent danger of serious physical injury. Plaintiff's new allegation that he "may need a hip replacement" does not support either the underlying medical claim or Plaintiff being in imminent danger. Accordingly, Plaintiff's motion to reconsider is **DENIED**.

Plaintiff's other pending motions are likewise **DENIED** for the reasons stated in this Court's prior Order and/or as moot.

**SO ORDERED**, this 19th day of AUGUST, 2014.

> S/ Marc T. Treadwell
> MARC T. TREADWELL, JUDGE
> UNITED STATES DISTRICT COURT

cr